**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SYED HAIDER KARRAR ZAIDI,

     Plaintiff,

     v.

UNITED STATES SENTENCING,
COMMISSION, et al.,

     Defendants.

Civil Action No. 14-1308 (JDB)

## MEMORANDUM OPINION & ORDER

Over a two-year span beginning in 2008, Plaintiff Syed Haider Karrar Zaidi was arrested, convicted, and sentenced for illicit conduct involving a minor.  But since then he has spent his time in various courts challenging his conviction and sentence on the ground that his actions did not actually involve a minor—an argument which those courts have rejected.  This case is no different.  Zaidi once again argues that his conviction and sentence are improper, because (he says) the United States Sentencing Commission's definition of "minor" is unlawful.  But Zaidi has made these arguments before, and he has not shown that this Court has subject-matter jurisdiction to hear his claim this time around.  The Court will therefore dismiss his complaint in its entirety.

## BACKGROUND

In January 2008, Zaidi began communicating online with an undercover police officer, who was pretending to be the mother of a thirteen-year-old girl.  Ex. A to Def.'s Mot. [ECF No. 10-1] at 3.  After two months of corresponding, the two met at a restaurant in Ohio, where Zaidi had agreed to meet the (fictitious) mother and daughter.  Id. at 3–4.  But the encounter Zaidi expected never happened; he was arrested instead and later convicted for the attempted coercion

and enticement of a minor under 18 U.S.C. § 2422(b), and for traveling interstate for the purpose of engaging in sexual conduct with a minor under 18 U.S.C. § 2423(b).  Id. at 3–4.  He was sentenced in the United States District Court for the Northern District of Ohio to two concurrent terms of 128 months of imprisonment and ten years of supervised release.  Id. at 4.  And on appeal, the Sixth Circuit rejected Zaidi's objections to his conviction and sentence, concluding that no actual victim is required to support a conviction under sections 2422 and 2423.  Id. at 5.

Zaidi subsequently filed a habeas petition under 28 U.S.C. § 2255 in the Northern District of Ohio, claiming that his Fourth, Fifth, and Sixth Amendment rights were violated on various grounds, and raising several claims concerning the legality of his sentence—all of which the court denied.  Id. at 10–11.  The Sixth Circuit affirmed the dismissal of his petition, explaining that Zaidi's claims had already been adjudicated and decided against him, or should have been brought (but were not) during the pre-trial or trial phase of his case, or on direct appeal.  Id. at 11.

That brings the Court to this litigation, where Zaidi yet again challenges his continued imprisonment.  This time invoking the Declaratory Judgment Act, Zaidi seeks to obtain a declaration from this Court that the definition of a "minor" set forth in the Commission's guidelines is "unlawful and unconstitutional," because these provisions "constitute new 'laws' which only the United States Congress has the power to make."  Compl. [ECF No. 1] at 2.  In response, the Commission moved to dismiss Zaidi's complaint, arguing that this Court lacks subject-matter jurisdiction over Zaidi's claim, that it is barred by res judicata, and that the claim fails on the merits because precedent establishes that the Commission's guidelines are constitutional.  See Def.'s Mot. [ECF No. 10] at 3–4.  Zaidi countered by filing a motion for summary judgment, doubling down on his argument that the Commission's definition of a minor is unconstitutional.  See Pl.'s Opp'n & Mot. for Summ. J. [ECF No. 13] at 1–2 ("Pl.'s Opp'n").

## ANALYSIS

Aside from the merits, the Commission believes that Zaidi's complaint should be dismissed for two reasons:  the Court lacks subject-matter jurisdiction over Zaidi's claim, and res judicata bars relitigation of his claim.[1]  The Court will examine each of these arguments in turn.[2]

## I.      DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(1)

A court must dismiss a case when it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  To withstand a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction over its claim.  Moms Against Mercury v. FDA, 483 F.3d 824, 828 (D.C. Cir. 2007).  Because subject-matter jurisdiction goes to the court's power to hear the plaintiff's claim, a court should accept as true all factual allegations contained in the complaint, but must give the complaint's factual allegations closer scrutiny than under a Rule 12(b)(6) motion to dismiss.  See, e.g., Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001).  And while "pro se complaints[] are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact," Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1106 (D.C. Cir. 2005), "[a] plaintiff—even a pro se plaintiff—bears the burden of establishing that the [c]ourt has subject

[1] Zaidi fails to respond directly to the Commission's arguments regarding subject-matter jurisdiction and res judicata, instead filing his own motion for summary judgment in which he only discusses the merits of his claim—a situation which normally would be treated as a concession of the former two issues.  See Henneghan v. District of Columbia, 916 F. Supp. 2d 5, 9 (D.D.C. 2013).  However, because courts must liberally construe the allegations and inferences in a pro se pleading, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court will assess Zaidi's motion for summary judgment as an opposition to the Commission's motion to dismiss, and will attempt to identify (to the extent possible) jurisdictional and res-judicata arguments in Zaidi's papers.

[2] The Court first addresses the Commission's argument under Rule 12(b)(1), because "[w]here, as here, a defendant files a motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the court must first examine the Rule 12(b)(1) challenges" since a dismissal under Rule 12(b)(1) "renders the other  . . . defenses and objections moot."  Cofield v. United States, 64 F. Supp. 3d 206, 211 (D.D.C. 2014) (alteration and internal quotation marks omitted).  Furthermore, because the Court concludes that it lacks subject-matter jurisdiction and that res judicata procedurally bars Zaidi's claim, it declines to address the Commission's third argument regarding the merits of the claim.  In re Madison Guar. Sav. & Loan Ass'n, 173 F.3d 866, 870 (D.C. Cir. 1999) ("It is not proper for federal courts to proceed immediately to a merits question despite jurisdictional objections.").

matter jurisdiction," Rodriguez v. U.S. Citizenship & Immigration Serv., 605 F. Supp. 2d 142, 145 (D.D.C. 2009) (internal quotation marks omitted).  In evaluating subject-matter jurisdiction, the court is not limited to the allegations contained in the complaint, but rather may consider extra-pleading materials.  Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

Zaidi's request for relief under the Declaratory Judgment Act must be dismissed for lack of subject-matter jurisdiction, as there is no source creating an independent basis for federal-court jurisdiction here.  The Act allows the Court "to declare the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201, but it "is not an independent source of federal jurisdiction," C&E Servs., Inc. v. D.C. Water & Sewer Auth., 310 F.3d 197, 201 (D.C. Cir. 2002) (internal quotation marks omitted).  "Rather, the statute merely creates a remedy in cases otherwise within the Court's jurisdiction."  Hassan v. Holder, 793 F. Supp. 2d 440, 446 (D.D.C. 2011).  But Zaidi fails to explain what jurisdiction-granting statute authorizes his claim for declaratory relief.  Indeed, his complaint expressly claims only one source of relief:  the Declaratory Judgment Act.  But as explained, that statute alone is not enough.

Of course, the Court could give Zaidi's complaint a (very) generous reading and find hidden in its allegations a claim under the Administrative Procedure Act.  See Falck v. IRS, 2007 WL 1723675, at *1 (D.D.C. June 14, 2007) (asserting that because "[t]he pleadings of pro se plaintiffs must be construed liberally," the court would "construe the complaint to include three additional statutory claims").  The APA, after all, "waives sovereign immunity to the extent that declaratory judgment or other equitable relief may be available."  Ballard v. Holinka, 601 F. Supp. 2d 110, 121 (D.D.C. 2009).

But even this reading would not save Zaidi's complaint, because the APA simply does not apply to the Commission's activities in this context.  "Congress spoke directly to this issue of APA

coverage when it created the Sentencing Commission, and it decided that the Commission would not be subject to the provisions of the APA except as specifically enumerated." Washington Legal Found. v. U.S. Sentencing Comm'n, 17 F.3d 1446, 1450 (D.C. Cir. 1994). Indeed, the Sentencing Reform Act provides that the APA's notice-and-comment provisions apply to the Commission. 28 U.S.C. § 994(x). And, as this Circuit has held, "by explicitly including the APA's notice and comment provisions in the SRA, Congress implicitly recognized that the rest of the APA would not apply to the Commission because it is a part of the judicial branch." Washington Legal Found., 17 F.3d at 1450 (citing United States v. Lopez, 938 F.2d 1293, 1297 (D.C. Cir. 1991)). Accordingly, "the APA's remedial provisions do not apply to the Sentencing Commission." Morris v. U.S. Sentencing Comm'n, 62 F. Supp. 3d 67, 76 (D.D.C. 2014). As far as the Court can tell, then, Zaidi has failed to bring his claim under an independent source of federal jurisdiction, and the Court therefore lacks jurisdiction over his claim.[3]

## II.   DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)

That holding, alone, suffices to end this case. But even if the Court could identify some other source that might cure the subject-matter jurisdiction problem, Zaidi's claim would still fail.[4] Zaidi has, quite simply, failed to state a justiciable claim. "To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

---

[3] As explained below, an even more generous reading of Zaidi's complaint—that it alleges a Fifth Amendment due process violation—is similarly unavailing. See Seized Prop. Recovery, Corp. v. U.S. Customs & Border Prot., 502 F. Supp. 2d 50, 64 (D.D.C. 2007) (declaring that although plaintiff brought its claim under the Declaratory Judgment Act, the Court lacked subject-matter jurisdiction because it "ma[de] no reference to arguable sources of jurisdiction such as . . . the Due Process Clause of the Fifth Amendment").

[4] But see Long v. Ky. State Parole Bd., 2005 WL 1949544, at *2 (W.D. Ky. Aug. 12, 2005) (noting that the requirement to construe a pro se plaintiff's complaint liberally does not compel the Court "to create a claim for Plaintiff"; and that "[t]o command otherwise would . . . transform the district court . . . to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party") (internal quotation marks and citations omitted)).

662, 678 (2009) (internal quotation marks omitted).  In deciding whether to dismiss a complaint for failure to state a claim, the court "must treat the complaint's factual allegations as true, and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks and citations omitted).

One way in which a claim may be subject to Rule 12(b)(6) dismissal is where res judicata applies.[5]  Alford v. Providence Hosp., 60 F. Supp. 3d 123, 125 (D.D.C. 2014).  That doctrine "prevents repetitious litigation involving the same causes of action or the same issues." I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 946 (D.C. Cir. 1983).  "Res judicata has two distinct aspects—claim preclusion and issue preclusion . . . , [which] apply in different circumstances and with different consequences to the litigants."  Nader v. Democratic Nat'l Comm., 590 F. Supp. 2d 164, 168 (D.D.C. 2008).  "Thus, [claim preclusion] prevents the relitigation of any claim that was or that might have been brought in a prior action resolved on its merits, while [issue preclusion] prevents the relitigation of any issue that was raised and decided in a prior action." Novak v. World Bank, 703 F.2d 1305, 1309 (D.C. Cir. 1983).

Both claim preclusion and issue preclusion bar Zaidi's claim here.  Start with claim preclusion, which applies if there has been previous litigation "(1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid

---

[5] The Court notes one other ground for dismissing Zaidi's claim under Rule 12(b)(6), which the Commission has not raised.  "It is well-settled that a person seeking relief from his conviction or sentence may not bring actions for injunctive and declaratory relief." Del Rosario v. Holder, 942 F. Supp. 2d 50, 50 (D.D.C. 2013) (alterations, internal quotation marks, and citation omitted).  And "[b]y contesting the Commission's authority to promulgate Guidelines . . . [Zaidi] is attacking the legality of his sentence." Boyer v. Conaboy, 983 F. Supp. 4, 6–7 (D.D.C. 1997). Hence, Zaidi's "recourse lies, if at all, in proceedings authorized by 28 U.S.C. § 2255," Del Rosario, 942 F. Supp. 2d at 50, which "explicitly provides a prisoner in federal custody with a remedy by which to test the legality of his sentence," Boyer, 983 F. Supp. at 7; see also Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988) ("[A]s a matter of Congressional intent, prisoners mounting a challenge to the lawfulness of their custody are to proceed by means of habeas.").

judgment on the merits, (4) by a court of competent jurisdiction." Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006).  Whether the facts of each lawsuit are similar enough to qualify as "the same cause of action turns on whether they share the same nucleus of facts." Drake v. Fed. Aviation Admin., 291 F.3d 59, 66 (D.C. Cir. 2002) (internal quotation marks and citation omitted). And in making that determination, courts look at "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Stanton v. Dist. of Columbia Ct. of App., 127 F.3d 72, 78 (D.C. Cir. 1997) (internal quotation marks omitted).

Given these rules, it is clear that the claims Zaidi already litigated in the Sixth Circuit and the declaratory relief he seeks here constitute the same "claims or cause of action."  For one thing, both sets of claims turn on the same series of events, including:  the communications between Zaidi and the undercover officer, Zaidi's arrest on charges involving illicit conduct with a minor, and Zaidi's conviction and sentence based on those charges.  See Ex. A to Def.'s Mot. at 3–5.  For another, the claims raised in Zaidi's various cases look awfully similar.  That is to say, there is no discernible daylight between Zaidi's previous arguments (i.e., that "his actions did not involve a 'minor' as defined in 18 U.S.C. §§ 2422, 2423," and that "his sentence is improper because his case involved no actual minor," id. at 4), and his present ones (i.e., that his arrest, conviction, and sentence should be declared "null and void" because of the Commission's (allegedly) improper definition of "minor," Compl. at 30).  Finally, it is beyond dispute that Zaidi is a party to both actions, and that the Commission is in privity with the United States, which was a party to the (finally decided) Sixth Circuit litigation.  See, e.g., McIntyre v. Fulwood, 892 F. Supp. 2d 209, 215 (D.D.C. 2012) (asserting that plaintiff was foreclosed from proceeding against the United States Parole Commission because "[h]e cannot avoid the preclusive effect of the [previous]

habeas ruling simply by naming new parties, particularly where these Defendants and the respondent . . . all are federal government officials"). Thus, claim preclusion bars this case.[6]

For similar reasons, issue preclusion also seems to bar Zaidi's claim.  Under issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Yamaha Corp. of Am. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992) (internal quotation marks omitted).  Issue preclusion applies (1) if in the prior litigation, the issue was "actually litigated, that is, contested by the parties and submitted for determination by the court"; (2) if the prior litigation was "actually and necessarily determined by a court of competent jurisdiction"; and (3) if "preclusion in the second [action] [does] not work an unfairness." Otherson v. Dep't of Justice, 711 F.2d 267, 273 (D.C. Cir. 1983) (internal quotation marks and citations omitted)).

Each of these "ifs" appear to apply here.  First, the issue was actually litigated—that is, by virtue of Zaidi's appeal challenging his conviction and sentence in the Sixth Circuit, "the same issue was contested by the parties and submitted for determination by the court." Paley v. Estate of Ogus, 20 F. Supp. 2d 83, 88 (D.D.C. 1998) (internal quotation marks omitted).  The issue on appeal before the Sixth Circuit was "whether [Zaidi's] convictions and sentence [were] proper without a real underage victim, rather than an undercover officer who portrayed a fictional victim . . . [and thus, his] claims . . . all turn[ed] on [his] contention that a fictional victim [could not] support his convictions." Ex. A to Def.'s Mot. at 5.  As described, the same central contention

---

[6] To be sure, Zaidi has not previously asked for declaratory relief, but that does not allow him to circumvent the usual res judicata rules.  Claim preclusion stops cold not only those claims that a party previously raised, but also those claims that might have been raised but were not.  See Alford, 60 F. Supp. at 125 ("[C]laim preclusion bars subsequent complaints arising from the same set of facts, even if the complaints bring claims under . . . different legal theories.").

(albeit in slightly different terms) is at play here:  whether, in light of the Commission's allegedly improper definition of "minor" to include a fictional victim, Zaidi's conviction and sentence should be allowed to stand.  See supra at 7–8.  Second, it goes without saying—though the Court will say it anyway—that the Sixth Circuit and the Northern District of Ohio are unquestionably courts of competent jurisdiction.  And third, preclusion here would not work a basic unfairness, as there is no indication that the Sixth Circuit proceedings were, for instance, seriously defective, or that Zaidi lacked an incentive to litigate in that Court.  See Yamaha Corp., 961 F.2d at 254.  Accordingly, for this reason too, Zaidi may not re-litigate his claim in this Court—and Zaidi makes no arguments to the contrary.[7]

## CONCLUSION & ORDER

For the reasons stated above, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [10] the Commission's motion to dismiss is **GRANTED**; it is further

**ORDERED** that [13] plaintiff's motion for summary judgment is **DENIED**; it is further

**ORDERED** that [7] [8] [9] [16] plaintiff's additional motions are **DENIED AS MOOT**; and it is further

**ORDERED** that this case is **DISMISSED**.

**SO ORDERED.**

/s/
_____
JOHN D. BATES
United States District Judge

Dated:  July 22, 2015

---

[7] Zaidi has lodged several other motions seeking various types of relief.  See Pl.'s Mot. to Order Def.'s Counsel to Produce Evidence Pursuant to LCvR 5.4(b)(5) [ECF No. 7]; Pl.'s Mot. to Order Def. to Service the Pl. by U.S. First Class Mail [ECF No. 8]; Pl.'s Mot. to Order AUSA Adebonojo [to] Comply with LCvR 11.1 or Disclose Bar ID Status [ECF No. 9]; Pl.'s Mot. for Default J. [ECF No. 16].  At this point, however, all of these motions are moot, as the Court has dismissed Zaidi's complaint in its entirety.