UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SYED HAIDER KARRAR ZAIDI,<br><br>    Plaintiff,<br><br>    v.<br>UNITED STATES SENTENCING<br>COMMISSION, et al.,<br><br>    Defendants. | Civil Action No. 14-1308 (JDB) |

**MEMORANDUM OPINION & ORDER**

In 2008, after several months of sexually explicit communication by internet and phone, plaintiff Syed Haider Karrar Zaidi traveled from Virginia to Ohio to meet a thirteen-year-old girl and her mother. The "mother," however, was an undercover police officer, and the "daughter" entirely fictitious. Zaidi was arrested and eventually convicted of attempted coercion and enticement of a minor under 18 U.S.C. § 2422(b), and of traveling across state lines for the purpose of engaging in sexual conduct with a minor under 18 U.S.C. § 2423(b). He was sentenced in the District Court for the Northern District of Ohio to two concurrent terms of 128 months of imprisonment and ten years of supervised release.

Zaidi appealed his conviction and sentence, arguing (among other things) that provisions of the federal Sentencing Guidelines treating fictional minors as victims were contrary to the pertinent criminal statutes, which in Zaidi's view prohibited only conduct aimed at actual individuals. See United States v. Zaidi, No. 10-3484, slip op. at 4 (6th Cir. June 7, 2011). The Sixth Circuit rejected this argument, noting that "all authorities are to the contrary." Id. Zaidi then moved for habeas relief under 28 U.S.C. § 2255, raising essentially the same argument (among

1

others) again.  The district court denied Zaidi's motion, Zaidi v. United States, 2013 WL 978222 (N.D. Ohio Mar. 12, 2013), and the Sixth Circuit rejected his request for a certificate of appealability, Zaidi v. United States, No. 13-3289, slip op. at 2–3 (6th Cir. Aug. 26, 2013).

Stymied as a criminal defendant, Zaidi decided to become a civil plaintiff.  He filed this suit, framed as a declaratory judgment action, against the Sentencing Commission and other federal defendants he holds responsible for implementing the Sentencing Guidelines.  His complaint asks the Court to declare that the provisions of the Guidelines encompassing fictitious victims are "unlawful and unconstitutional," because these provisions "constitute new 'laws' which only the United States Congress has the power to make."  Compl. [ECF No. 1] at 2, 30.  He also asks the Court to declare that, as a result, his conviction and sentence are "null and void."  Id. at 30.

Defendants moved to dismiss the case, and the Court granted that motion.  See July 22, 2015 Mem. Op. & Order [ECF No. 21].  Zaidi has now moved for reconsideration.  See Pl.'s Mot. for Reconsideration [ECF No. 22].  His motion contains some points that are well taken, and the Court has therefore decided to vacate its prior opinion and order.  But although the Court has reconsidered its reasoning, the outcome remains the same.  No matter how this case is viewed, the Court concludes it must be dismissed without reaching the merits of Zaidi's claims.  See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) (recognizing courts' "leeway to choose among threshold grounds for denying audience to a case on the merits" (internal quotation marks omitted)).

The D.C. Circuit has recognized that sometimes a declaratory judgment action is not really a declaratory judgment action—but is instead a habeas corpus action.  This follows from the rule that any claim that "will necessarily imply the invalidity of [a federal prisoner's] confinement or

shorten its duration" if successful must be brought in habeas. Davis v. U.S. Sentencing Comm'n, 716 F.3d 660, 666 (D.C. Cir. 2013) (internal quotation marks omitted). Thus, in Monk v. Secretary of the Navy, for instance, when a military prisoner sought a judgment that (among other things) would "declare his conviction and sentence illegal and void," the court concluded that his "action must be construed as a petition for a writ of habeas corpus." 793 F.2d 364, 366 (D.C. Cir. 1986). That he had "not requested immediate release" was "immaterial," because "immediate release or a new trial would follow automatically" in a subsequent suit as a result of preclusion. Id. It was likewise irrelevant that his suit sought back pay—a form of relief unavailable in habeas—because that claim was "entirely dependent upon the validity of his underlying conviction." Id.; see also Rooney v. Sec'y of Army, 405 F.3d 1029, 1031 (D.C. Cir. 2005) ("Rooney's declaratory judgment action must . . . be treated as a habeas petition.").

Zaidi's suit fits this mold. Like Monk's, Zaidi's complaint does not ask for immediate release, but does candidly request that the Court declare his conviction and sentence "null and void." Compl. at 30. Indeed, if not aimed at invalidating his sentence, Zaidi's suit would not appear to do anything at all. Unlike the plaintiff in Davis v. U.S. Sentencing Commission, who sought a declaratory judgment that would have allowed him to subsequently request a discretionary sentence reduction, Zaidi's suit does not seek (and would not create) such a stepping stone to discretionary relief. See 716 F.3d at 666 (concluding that Davis's claim could proceed outside habeas). And Zaidi cannot seek a declaration of the challenged provisions' unconstitutionality just for the sake of vindicating his view of the law. Such a suit would not redress any concrete injury and hence would fail for lack of Article III standing. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102–04 (1998). The suggestion in Zaidi's complaint that his status "as a United States Citizen and Taxpayer," Compl. at 5, would by itself give him standing to challenge the

provisions is simply incorrect. See Ariz. Christian Sch. Tuition Org. v. Winn, 131 S. Ct. 1436, 1441–46 (2011) (explaining the general rule against taxpayer standing and the narrow exception for certain challenges under the Establishment Clause). Zaidi's suit must therefore be treated as a habeas application.

But this Court cannot entertain such an application from Zaidi. A federal prisoner like Zaidi is required to seek habeas relief through a motion under § 2255 "unless it . . . appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). It does not appear that § 2255 is an "inadequate or ineffective" way for Zaidi to bring this challenge to his sentence, so § 2255 is the mechanism he must use. See, e.g., Neal v. Gonzales, 258 F. App'x 339, 340 (D.C. Cir. 2007) ("The § 2255 remedy is not inadequate or ineffective simply because § 2255 relief has already been denied . . . ."). And that mechanism requires him to seek relief from "the court which imposed the sentence," 28 U.S.C. § 2255(a)—namely, the District Court for the Northern District of Ohio.[*]

Although this Court could in theory transfer this case to the Northern District of Ohio, it will not do so. As noted, Zaidi has already filed one § 2255 motion in the district court there. That court could not consider a second motion absent the proper certification from the court of appeals, which Zaidi has not sought, let alone obtained. See 28 U.S.C. § 2255(h). Nor, given the nature of Zaidi's claims, does it appear likely that such certification would be granted. It is therefore not in the interest of justice to transfer the case (to either the Northern District of Ohio or the Sixth Circuit). See Lee v. Dep't of Justice, No. 01-5215, 2002 WL 335532, at *1 (D.C. Cir. Jan. 25,

---

[*] Even if Zaidi could file a habeas petition under 28 U.S.C. § 2241, the proper forum would be the Western District of Pennsylvania, the district of Zaidi's confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004).

2002) (transfer of second § 2255 motion unwarranted).  The Court will therefore dismiss the case on this threshold ground.

## ORDER

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [22] plaintiff's motion for reconsideration is **GRANTED IN PART** and **DENIED IN PART**; it is further

**ORDERED** that [21] the Court's July 22, 2015 Memorandum Opinion & Order is **VACATED**; it is further

**ORDERED** that [10] defendants' motion to dismiss is **GRANTED**; it is further

**ORDERED** that [13] plaintiff's motion for summary judgment is **DENIED**; it is further

**ORDERED** that [7] [8] [9] [16] plaintiff's additional motions are **DENIED AS MOOT**; and it is further

**ORDERED** that this case is **DISMISSED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:  November 10, 2015